## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| BRADLEY KING, DAVID HAGER, and SHARON PEACOCK, and all others similarly situated, | |
| Plaintiffs, | CIVIL ACTION NO: |
| v. | |
| CITY NATIONAL BANK OF FLORIDA, | (JURY TRIAL DEMANDED) |
| Defendant. | |

## <u>INDIVIDUAL, CLASS, AND COLLECTIVE ACTION COMPLAINT</u>

BRADLEY KING of Florida ("KING"), DAVID HAGER of Florida ("HAGER"), and SHARON PEACOCK of Florida ("PEACOCK") (collectively, the "Named Plaintiffs"), by and through their undersigned attorneys, file this Complaint and bring this action against Defendant, CITY NATIONAL BANK OF FLORIDA, ("Defendant" or "CITY NATIONAL"), on behalf of themselves and all others similarly situated former and current employees ("Collective Action Plaintiffs"), for minimum wages, unpaid overtime compensation, and other relief under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, *et seq*. Named Plaintiffs bring this action individually, and as a collective action pursuant to 29 U.S.C. § 216(b).

In addition to their FLSA claims, KING, HAGER and PEACOCK (the "Florida Named Plaintiffs") also seek relief on behalf of themselves and the class of all other similarly situated employees who worked for Defendant in Florida in the three years preceding the date of filing of this action  (the "Florida Class") under the Florida Minimum Wage Act, Fla. Stat. §448.110, et

seq. ("FLMWA") for failure to pay the Florida class minimum wages for all hours worked over 40 hours in a work week.

## NATURE OF THE CASE

1.      Named Plaintiffs have initiated the instant action to redress Defendant's violations of the Fair Labor Standards Act ("FLSA"), and the Florida Minimum Wage Act ("FLMWA").

2.      Defendant failed to pay Named Plaintiffs and Collective Action Plaintiffs, and members of the Florida Class (Collective Action Plaintiffs and members of the Florida Class will be collectively referred to as "All Putative Class Members") at least one-and-one-half times their hourly rate for the hours worked over forty per workweek by intentionally misclassifying them as exempt employees under federal and state law.  Similarly, Defendant regularly failed to pay Named Plaintiffs and All Putative Class Members the legally mandated minimum wage under the FLSA and the Florida Minimum Wage Act for all hours worked per week.

3.      As a direct consequence of Defendant's actions, Named Plaintiffs and All Putative Class Members have suffered damages.

## JURISDICTION AND VENUE

4.      The foregoing paragraphs are incorporated herein as if set forth in their entirety.

5.      This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331 because the claims herein arise under laws of the United States, the FLSA, 29 U.S.C. §201 *et seq*. This Court has supplemental jurisdiction over the Florida State Law Claims pursuant to 28 U.S.C. §1367, because they arise out of a common nucleus of operative fact, and form part of the same case or controversy under Article III of the United States Constitution.

6.      Additionally, this Court has original jurisdiction over the Florida State Law Claims alleged in this action which implicate the Class Action Fairness Act ("CAFA"), 28 U.S.C.

§1332(d), because this is a class action in which: (1) there are 100 or more members in the Plaintiffs' proposed class; (2) at least some members of the proposed class have different citizenship from Defendant; and (3) the claims of the proposed class members, upon information and belief, exceed $5,000,000 in the aggregate.

7.      This Court may properly maintain personal jurisdiction over Defendant because, upon information and belief, Defendant maintains its headquarters in Miami, Florida, regularly conducts business in Miami and within this jurisdictional district, and Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice.

8.      Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b)(1) and (b)(2), because Defendant resides in and/or conducts business in this judicial district and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## PARTIES

9.      The foregoing paragraphs are incorporated as if set forth in full.

10.     Plaintiff KING, at all times material hereto, resided in Jacksonville, Florida and worked for Defendant in the stated position of "Vice President/Mortgage Broker" from approximately February 2022 to approximately August 2023.

11.     Plaintiff, HAGER, at all times material hereto and currently, resides in Jacksonville, Florida and worked for Defendant as a "Vice President/Mortgage Broker" from approximately July 2022 to approximately September 2023.

12.     Plaintiff PEACOCK, at all times material hereto and currently, resides in Ponte Verde, Florida and worked for Defendant as a "Vice President/Mortgage Broker" from approximately July 2021 to approximately September 2023.

13.     Named Plaintiffs and All Putative Class Members were "employees" of Defendant as defined by 29 U.S.C. §203(e).

14.     Defendant, at all times material hereto, is an enterprise within the meaning of 29 U.S.C. §203(r) and engaged in interstate commerce within the meaning of 29 U.S.C. §203(s)(1) at all times material hereto with an annual gross sales volume in excess of $500,000.

15.     Defendant is and was at all times material hereto, an "Employer," as that term is defined in the FLSA, 29 U.S.C. §203(d), as well as pursuant to the Florida Minimum Wage Act, Fla. Stat. §448.101(3).

16.     Defendant is a Florida Corporation which maintains its headquarters in Miami-Dade County, Florida.

## COLLECTIVE ACTION ALLEGATIONS

### General Allegations

17.     The foregoing paragraphs are incorporated herein as if set forth in their entirety.

18.     Named Plaintiffs bring this action for violations of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. §216(b), on behalf of all Mortgage Sales Employees ("MSEs"), and those who performed MSE functions regardless of title, who were employed by Defendant nationwide within the last three years (members of this putative class are referred to as "Collective Action Plaintiffs").

19.     Named Plaintiffs' claims are typical of the claims of Collective Action Plaintiffs because Named Plaintiffs, despite their titles assigned by Defendant, like all other similarly situated Collective Action Plaintiffs, were employed by Defendant as Mortgage Sales Employees, and others who performed MSE functions of originating and producing residential mortgage loans from CITY NATIONAL regardless of title, and including those employee subject to Defendant's Mortgage Plan Incentive, including Mortgage Bankers, Mortgage Marketing Manager, Mortgage Market Leader and Conforming Mortgage Banker (hereinafter, "MSEs"), and to whom Defendant failed to pay minimum wages as required by the FLSA and the FLMWA within the last three (3) years. Further, Named Plaintiffs, like all Collective Action Plaintiffs, were denied overtime compensation in violation of the FLSA due to Defendant's company-wide practice to prohibit, prevent and/or otherwise discourage or limit the reporting of overtime work by MSEs, and others who performed MSE functions, regardless of title. (Named Plaintiffs KING, HAGER and PEACOCK each have signed Consent to Join Forms to join or "opt-in" to this case, which are attached hereto respectively as Exhibits A, B and C and are fully incorporated herein by this reference).

20.     Defendant advised Plaintiff KING, throughout his employment with Defendant, including in written policies and procedures which were common to all similarly situated employees, that he was an "non-exempt" employee under the FLSA, but KING's manager directed him not report any overtime hours actually worked, but instead to only "block report' his work hours as 8 hours per day only, Monday through Friday, and, as a result, KING cannot precisely reconstruct his daily and weekly work hours for the period he was employed by Defendant.

21.     Each week throughout his employment with Defendant, except on rare occasions or when on vacation, KING worked on Monday through Friday at his home from approximately 8:00 a.m. through approximately 6:00 p.m., and then worked an additional two (2) hours on each week night,  and additionally worked each Saturday an additional 2 to 4 hours, and worked on Sunday about 2 hours; and therefore, KING worked approximately 65 to 70 hours per week during his employment with Defendant, of which virtually all hours KING worked were worked at his home.

22.     Defendant advised Plaintiff, HAGER, throughout his employment with Defendant that he was an "non-exempt" employee under the FLSA, including in written policies and procedures which were common to all similarly situated employees, but HAGER's manager directed him not to report any overtime hours actually worked, but instead to only "block report" his work hours as 8 hours per day only, Monday through Friday, and, as a result HAGER cannot precisely reconstruct his daily and weekly work hours for the period he was employed by Defendant.

23.     Each week throughout his employment with Defendant, except on rare occasions or when on vacation, HAGER worked Monday through Friday from approximately 7:00 a.m. through 7:00 p.m., at his home and later at home after dinner each weeknight an additional two (2) hours per night, and also HAGER worked each Saturday and Sunday from about 7:00 a.m. though 4:00 p.m., and therefore, HAGER worked approximately 85 plus hours per week during his employment with Defendant.; nearly all of HAGER's work hours were worked at HAGER's home office.

24.     Defendant advised Plaintiff, PEACOCK, throughout her employment with Defendant, including in written policies and procedures which were common to all similarly

situated employees, that she was an "non-exempt" employee under the FLSA, but PEACOCK's manager directed her not to report any overtime, but instead to submit weekly time reports limited to reporting  8 hours per day (9:00 a.m. to 5:00 p.m.), for Monday to Friday only, and accordingly, PEACOCK did not regularly maintain her daily time records reflecting her starting and stopping times, and, as a result, PEACOCK cannot precisely reconstruct her daily and weekly work hours for the period she was employed by Defendant.

25.     Each week throughout her employment with Defendant, except on rare occasions or when on vacation, PEACOCK worked Monday through Friday from approximately 8:00 a.m. through 7:00 p.m., at her home and later approximately 1 to 2 hours each week night, and additionally worked each Saturday for an additional 4 to 5 hours, and therefore, PEACOCK worked approximately 65 plus hours per week during her employment with Defendant; nearly all of PEACOCK's work hours were worked at her home office.

26.     Defendant, through its managers, knew KING, HAGER, PEACOCK and all Putative Class Members worked overtime hours, i.e., over 40 hours in a workweek, because they directed Plaintiffs not to record their actual hours, but instead "block" report 40 hours work per week, and based on their communications with Plaintiffs by telephone calls, e-mails and text messages outside of Plaintiffs' "block" reported hours, as well as Plaintiffs' advise of working overtime hours.

27.     Named Plaintiffs will fairly and adequately represent and protect the interests of Collective Action Plaintiffs, because Named Plaintiffs' interests are coincident with, and not antagonistic to, those of Collective Action Plaintiffs. Named Plaintiffs have retained counsel with substantial experience in the prosecution of claims involving employee wage disputes.

28.     No difficulties are likely to be encountered in the management of this collective action that would preclude its maintenance as a collective action. Collective Action Plaintiffs are easily identifiable from Defendant's records.

29.     Similarly situated employees are known to Defendant, are readily identifiable by Defendant, and can be located through Defendant's records. Based on information and belief, the number of Collective Action Plaintiffs is estimated to be in excess of one hundred individuals.

30.     Therefore, Named Plaintiffs should be permitted to bring this action as a collective action for and on behalf of themselves and those employees similarly situated, pursuant to the "opt-in" provisions of the FLSA, 29 U.S.C. §216(b).

## CLASS ACTION ALLEGATIONS
### Florida Class

31.     The foregoing paragraphs are incorporated herein as if set forth in their entirety.

32.     Pursuant to Rule 1.220 of the Florida Rules of Civil Procedure, in accordance with the FMWA, §448.110(a), the Florida Named Plaintiffs BRADLEY KING, DAVID HAGER and SHARON PEACOCK (the "Florida Named Plaintiffs") brings their claims for relief on behalf of themselves and all others similarly situated to them.

33.     Specifically, the Florida Named Plaintiffs seek to represent a class of all persons (the "Florida Class") who worked in the State of Florida for Defendant as a Mortgage Sales Employees, and other titles who performed Mortgage Sales Employee functions of originating and producing residential mortgage loans from CITY NATIONAL regardless of title, in the three (3) years prior to the date of filing of this action continuing through the present.

34.     The class is so numerous that the joinder of all class members is impracticable. Based on information and belief, the number of potential class members is estimated to be in excess of 100 individuals.

35.     Florida Named Plaintiffs' claims are typical of the claims of the Florida Class, because the Florida Named Plaintiffs, like all Florida Class members, were denied minimum wages under the Florida Minimum Wage Act for all hours worked over 40 hours in a seven (7) day work week.

36.     Florida Named Plaintiffs will fairly and adequately protect the interests of the Florida Class because Florida Named Plaintiffs' interests are coincident with, and not antagonistic to, those of the class. Florida Named Plaintiffs have retained counsel with substantial experience in the prosecution of claims involving employee wage disputes.

37.     No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action. The class will be easily identifiable from Defendant's records.

38.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Such treatment will allow all similarly situated individuals to prosecute their common claims in a single forum simultaneously. Prosecution of separate actions by individual members of the putative class would create the risk of inconsistent or varying adjudications with respect to individual members of the Florida Class that would establish incompatible standards of conduct for Defendant. Furthermore, the amount at stake for individual Florida Class members may not be great enough to enable all of the individual Florida Class members to maintain separate actions against Defendant.

39.     Questions of law and fact that are common to the Florida Class predominate over questions that affect only individual members of the class. Among the questions of law and fact that are common to the Florida Named Plaintiffs and the Florida Class are whether Defendant, despite its written policies, through its management, acted to prevent, prohibit, limit and discourage Florida Named Plaintiffs and the Florida Class from accurately reporting their overtime hours weekly, thus enabling Defendant to avoid payment to MSEs of minimum wages and overtime pay, whether Florida Named Plaintiffs and Florida Class worked more than 40 hours per week without overtime pay, and whether Defendants' pay system failed to consistently pay MSEs minimum wage for all hours worked.

## FACTUAL BACKGROUND

40.     The foregoing paragraphs are incorporated herein as if set forth in full.

41.     Named Plaintiffs and All Putative Class Members worked for Defendant as an MSE or in any position which performed similar job duties as an MSE.

42.     Named Plaintiffs and All Putative Class Members were paid hourly wages, plus commissions, and received no additional pay for overtime hours worked.

43.     Defendant issued paychecks "twice a month" to Named Plaintiffs and Putative Class Members which paychecks, consisted of hourly pay, plus in the second week of the month, also commissions generated from sales or mortgage loans, based on a percentage or basis points or flat dollar amount of such mortgage closed in the prior month.

44.     Named Plaintiffs and All Putative Class Members regularly and routinely worked in excess of 40 hours per workweek, and generally worked 50 to 70 hours or more per workweek and performed virtually all such work for Defendant at Named Plaintiffs' and Putative Class Members' home offices, or on occasion at Defendant's offices.

45.     Due to the payment structure discussed above, Named Plaintiffs and All Putative Class Members were denied minimum wages for all hours worked in pay periods when they received only hourly pay for the first 40 hours of work.

46.     Defendant failed to maintain accurate time records, i.e., records which show the correct daily start time and correct end time for each working day of each Named Plaintiff and Putative Class Member.

47.     Named Plaintiffs and All Putative Class Members were at all times relevant herein not "exempt" employees pursuant the FLSA and Florida State Wage Laws.

48.     Named Plaintiffs and All Putative Class Members duties consisted of selling mortgage loan products, completing, reviewing and submitting paperwork relating to such products, assisting clients of Defendant in completing paperwork and obtaining loans, providing customer service to loan customers, completing online training, attending sales and other meetings, and other related duties.

49.     Named Plaintiffs and All Putative Class Members performed virtually all of their work and sales from their home offices.

50.     Therefore, Named Plaintiffs and All Putative Class Members were entitled to compensation pursuant to the Florida Minimum Wage Law at their regular rate of pay (hourly wages rate plus commissions) and pursuant to the FLSA at the rate of at least one and one-half times their regular rate of pay for hours worked in excess of 40 per workweek.

51.     Defendant intentionally failed to pay Named Plaintiffs and All Putative Class Members minimum wages and overtime wages for the time worked in excess of 40 hours in a workweek.

52.     Named Plaintiffs, through their undersigned counsel, gave written Notice ("Notice") to Defendant, their former employer, on or about March 22, 2204, of the minimum wages to which each Named Plaintiff claims entitlement, the estimated work dates and hours for which payment is sought, and the total amount of alleged unpaid wages through the date of notice.

53.     Defendant failed to respond within fifteen (15) days after receipt of the written Notice or provide any payment to Named Plaintiffs.

54.     Accordingly, Named Plaintiffs and All Putative Class Members have been denied overtime wages in violation of the FLSA and the Florida Minimum Wage Act.


**COUNT I**
**Violations of the Fair Labor Standards Act ("FLSA")**
**(Failure to Pay Overtime and Minimum Wages)**
**(Named Plaintiffs and Collective Action Plaintiffs v. Defendant)**

55.     The foregoing paragraphs are incorporated herein as if set forth in full.

56.     At all times relevant herein, Defendant has been and continues to be an "employer" within the meaning of the FLSA.

57.     At all times relevant herein, Defendant was responsible for paying wages to Named Plaintiffs and Collective Action Plaintiffs.

58.     At all times relevant herein, Named Plaintiffs and Collective Action Plaintiffs were employed with Defendant as "employees" within the meaning of the FLSA.

59.     At all times relevant herein, Named Plaintiffs and Collective Action Plaintiffs were non-exempt employees within the meaning of the FLSA.

60.     Under the FLSA, an employer must pay a non-exempt employee time and one-half their regular rate of pay for each hour worked in excess of 40 hours in a workweek.

61.     Named Plaintiffs and Collective Action Plaintiffs regularly worked in excess of 40 hours per workweek.

62.     At all times relevant herein, Defendant failed to maintain accurate records of daily start and stop times for all MSEs, including for all Named Plaintiffs and Collective Action Plaintiffs.

63.     Defendant's compensation system regularly failed to pay Named Plaintiffs and Collective Action Plaintiffs at least the minimum wage for all hours worked.

64.     Named Plaintiffs and Collective Action Plaintiffs never received any overtime pay.

65.     Defendant, through its managers, knew Named Plaintiffs and Collective Action Plaintiffs were working overtime hours, i.e., hours over 40 in a workweek, but nonetheless, Defendant violated the FLSA by refusing to allow, preventing, discouraging and/or prohibiting Named Plaintiffs and Collective Action Plaintiffs from accurately and fully reporting their actual work times and, therefore, Defendant failed to properly pay Named Plaintiffs and Collective Action Plaintiffs minimum wages, and time and one-half of their regular rate of pay for the hours worked in excess of 40 hours per workweek.

66.     Defendant's conduct in failing to pay Named Plaintiffs and Collective Action Plaintiffs properly was willful and is not based on any reasonable interpretation of the law.

67.     As a direct and proximate cause of Defendant's actions, Named Plaintiffs and Collective Action Plaintiffs has suffered damages as set forth herein.

68.     Because of Defendant's willful violation of the FLSA, Named Plaintiffs and Collective Action Plaintiffs are entitled to recover from Defendant unpaid minimum wages, unpaid overtime compensation, and an equal amount of liquidated damages, as well as reasonable attorneys' fees and costs of the action, all in an amount to be determined at trial.

**COUNT II**
**Florida Minimum Wage Act**
**(Failure to Pay Minimum Wages)**
**(Florida Named Plaintiff and Florida Class v. Defendant)**

69.     The foregoing paragraphs are incorporated herein as if set forth in full.

70.     At all times relevant herein, Defendant has been and continues to be an "employer" within the meaning of the FLMWA.

71.     At all times relevant herein, Defendant was responsible for paying wages to the Florida Named Plaintiffs and Florida Class.

72.     At all times relevant herein, Florida Named Plaintiffs and Florida Class were employed with Defendant as "employees" within the meaning of the FLMWA.

73.     Under the FLMWA, an employer must pay an employee at least the applicable Florida minimum wage for all hours worked.

74.     Defendant, through its managers, knew Named Plaintiffs and Collective Action Plaintiffs were working overtime hours, i.e., hours over 40 in a workweek, but nonetheless, Defendant violated the FLMWA by preventing, discouraging, and/or prohibiting Florida Named Plaintiffs and Florida Class from accurately and fully reporting their actual work times and, therefore, Defendant failed to properly pay Florida Named Plaintiffs and Florida Class at least the Florida required minimum wage for all hours worked.

75.     Defendant's conduct in failing to pay Florida Named Plaintiffs and Florida Class properly was willful and was not based upon any reasonable interpretation of the law.

76.     Florida Named Plaintiffs have complied with all statutory prerequisites under the FMWA: Specifically, Named Plaintiffs issued a written Notice to Defendant in full compliance

with the requirements of the FMWA, §440.110(6), to which Defendant failed to respond or to pay the demanded wages within fifteen (15) days of receipt of such Notice.

77.     As a direct and proximate result of Defendant's willful violation of FLMWA, Florida Named Plaintiffs and the Florida Class seek unpaid minimum wages, statutory/liquidated damages, attorney's fees, costs, and all other legal remedies available under the law as a consequence of Defendant's failure to pay them minimum wages for hours worked over 40 per workweek, in an amount to be determined at trial.

**WHEREFORE**, Named Plaintiffs and all Putative Class Members pray that this Court enter an Order providing that:

A.     Defendant is to compensate, reimburse, and make Named Plaintiffs and All Putative Class Members whole for any and all pay and benefits they would have received had it not been for Defendant's illegal actions, including but not limited to unpaid minimum wages, unpaid overtime, and other compensation due under the law;

B.     Named Plaintiffs and All Putative Class Members are to be awarded statutory, liquidated, and/or punitive damages;

C.     Named Plaintiffs and All Putative Class Members are to be awarded pre-judgment and post-judgment interest on their claims;

D.     Named Plaintiffs and All Putative Class Members are to be awarded attorneys' fees and costs, together with the costs and expenses of this action as provided by applicable law;

E.     Named Plaintiffs and All Putative Class Members are to have a trial by jury; and

F.     Named Plaintiffs and All Putative Class Members are to be accorded any and all other equitable and legal relief due under the law.

Dated: May 3, 2024.


Respectfully Submitted,


<u>/s/ Marc A. Silverman</u>
Marc A. Silverman, Esq.
**FRANK WEINBERG BLACK, P.L.**
7805 SW 6th Court
Plantation, Florida 33324
Telephone: (954) 474-8000
E-mail: msilverman@fwblaw.net


<u>/s/ Robert D. Soloff</u>
Robert D. Soloff, Esq.
**ROBERT D. SOLOFF, P.A.**
7805 SW 6th Court
Plantation, Florida 33324
Telephone: (954) 472-0002
E-mail: robert@solofflaw.com


<u>/s/ Justin L. Swidler</u>
Justin L. Swidler, Esq.
**SWARTZ SWIDLER, LLC**
9 Tanner Street, Suite 101
Haddonfield, NJ 08033
Telephone: (856) 685-7420
E-mail: jswidler@swartz-legal.com
[Pro Hac Vice Application to be filed]


**Attorneys for Plaintiffs**

EXHIBIT "A"

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| BRADLEY KING, DAVID HAGER, and SHARON PEACOCK, and all others similarly situated, | |
| Plaintiffs, | CIVIL ACTION NO: |
| v. | |
| CITY NATIONAL BANK OF FLORIDA, | (JURY TRIAL DEMANDED) |
| Defendant. | |

I, the undersigned, hereby consent to be an Opt-In Party Plaintiff in the above-captioned matter which seeks to recover compensation for overtime worked that was not paid as required by the Fair Labor Standards Act. I was employed by CITY NATIONAL BANK OF FLORIDA ("City National Bank"), Mortgage Sales Employee during at least one workweek for which the payday was in the past three years. I wish to be included as a party and to be bound by any judgment in the claims being asserted against City National Bank by former and current employees of City National Bank, and I hereby give consent to Frank, Weinberg & Black, PL, Robert D. Soloff, P.A., and Swartz Swidler, LLC, (the "Attorneys") to bring suit against City National Bank on my behalf under the Fair Labor Standards Act. I hereby agree to legal representation in this action by the Attorneys and understand and agree that they will receive one-third (⅓) of Plaintiffs' recovery as payment for their services. I further designate the Attorneys and the Named Plaintiffs as my agents in making decisions on my behalf in this litigation, including entering into settlement agreements pertaining to this matter.

Brad
_____
First Name

King
_____
Last Name

13054 Sandwedge Court
_____
Street Address

Jacksonville
_____
City

FL
_____
State

32224
_____
Zip

904-708-7453
_____
Telephone Number

Dated 05/02/24
_____

Signature
_____

Email: bkinged@aol.com
_____

**EXHIBIT "B"**

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| BRADLEY KING, DAVID HAGER, and SHARON PEACOCK, and all others similarly situated, | |
| Plaintiffs, | CIVIL ACTION NO: |
| v. | |
| CITY NATIONAL BANK OF FLORIDA, | (JURY TRIAL DEMANDED) |
| Defendant. | |

I, the undersigned, hereby consent to be an Opt-In Party Plaintiff in the above-captioned matter which seeks to recover compensation for overtime worked that was not paid as required by the Fair Labor Standards Act. I was employed by CITY NATIONAL BANK OF FLORIDA ("City National Bank"), Mortgage Sales Employee during at least one workweek for which the payday was in the past three years. I wish to be included as a party and to be bound by any judgment in the claims being asserted against City National Bank by former and current employees of City National Bank, and I hereby give consent to Frank, Weinberg & Black, PL, Robert D. Soloff, P.A., and Swartz Swidler, LLC, (the "Attorneys") to bring suit against City National Bank on my behalf under the Fair Labor Standards Act. I hereby agree to legal representation in this action by the Attorneys and understand and agree that they will receive one-third (⅓) of Plaintiffs' recovery as payment for their services. I further designate the Attorneys and the Named Plaintiffs as my agents in making decisions on my behalf in this litigation, including entering into settlement agreements pertaining to this matter.

David
_____
First Name

Hager
_____
Last Name

4620 Ortega Island Drive S
_____
Street Address

Jacksonville
_____
City  904-208-1349
_____
Telephone Number

FL
_____
State

32210
_____
Zip

Dated 05/03/24
_____

Signature
*David Hager*

Email: physicianfinance@gmail.com ___

**EXHIBIT "C"**

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| BRADLEY KING, DAVID HAGER, and SHARON PEACOCK, and all others similarly situated, | |
| Plaintiffs, | CIVIL ACTION NO: |
| v. | |
| CITY NATIONAL BANK OF FLORIDA, | (JURY TRIAL DEMANDED) |
| Defendant. | |

I, the undersigned, hereby consent to be an Opt-In Party Plaintiff in the above-captioned matter which seeks to recover compensation for overtime worked that was not paid as required by the Fair Labor Standards Act. I was employed by CITY NATIONAL BANK OF FLORIDA ("City National Bank"), Mortgage Sales Employee during at least one workweek for which the payday was in the past three years. I wish to be included as a party and to be bound by any judgment in the claims being asserted against City National Bank by former and current employees of City National Bank, and I hereby give consent to Frank, Weinberg & Black, PL, Robert D. Soloff, P.A., and Swartz Swidler, LLC, (the "Attorneys") to bring suit against City National Bank on my behalf under the Fair Labor Standards Act. I hereby agree to legal representation in this action by the Attorneys and understand and agree that they will receive one-third (⅓) of Plaintiffs' recovery as payment for their services. I further designate the Attorneys and the Named Plaintiffs as my agents in making decisions on my behalf in this litigation, including entering into settlement agreements pertaining to this matter.

Sharon
_____
First Name

Peacock
_____
Last Name

39 Northgate
_____
Street Address

Point Vedra Beach
_____
City

Fl
_____
State

32082
_____
Zip

904 993 1505
_____
Telephone Number

Dated 05/03/24
_____

Signature
_____

Email: Sapeacock1234@gmail.com