UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 24-21733-CV-WILLIAMS

BRADLEY KING, DAVID HAGER, and
SHARON PEACOCK, and all others similarly
situated,

    Plaintiffs,

vs.

CITY NATIONAL BANK OF FLORIDA,

    Defendant.

and

CITY NATIONAL BANK OF FLORIDA,

    Counterclaim Plaintiff,

vs.

BRADLEY KING and DAVID HAGER.

    Counterclaim Defendants.
_____/

**<u>JOINT MOTION TO APPROVE FLSA SETTLEMENT AND TO DISMISS ACTION
WITH PREJUDICE AND INCORPORATED MEMORANDUM OF LAW</u>**

Plaintiffs, BRADLEY KING ("King"), DAVID HAGER ("Hager"), and SHARON PEACOCK ("Peacock") (collectively "Plaintiffs") and CITY NATIONAL BANK OF FLORIDA ("Defendant") (collectively, the "Parties") by and through their respective undersigned counsel, hereby jointly move the Court to approve the fair and reasonable settlement agreement reached by the Parties with respect to claims arising under the Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq., ("FLSA") and to dismiss this action with prejudice, and in support thereof, state as follows:

1

1. On or about May 3, 2024, Plaintiffs filed a Complaint [DE-1] alleging that Defendant, during Plaintiffs' employment with Defendant, violated the FLSA and Florida's Minimum Wage Act, Fla. Stat. §448.110, et. seq. ("FLMWA"), by failing to pay Plaintiffs certain minimum wages and/or overtime compensation. The Complaint alleges that Plaintiffs were employed by Defendant as mortgage sales employees who originated and produced mortgage loans for Defendant. Plaintiffs allege a company-wide practice on the part of the Defendant, to prohibit, prevent, and/or otherwise discourage or limit the reporting of Plaintiffs' overtime work.

2. Thereafter, on or about July 12, 2024, Defendant filed its Answer, Affirmative Defenses, and Counterclaims [DE-18]. In its Answer and Affirmative Defenses, Defendant denies all liability under the FLSA and FLMWA, asserting Plaintiffs were paid for all hours worked, were permitted to (and did) work overtime, and were paid the appropriate rate for all overtime hours. Defendant additionally asserted counterclaims against Plaintiffs King and Hager, seeking repayment of certain Recognition Bonus/Production Incentive payments issued by Defendant at the outset of King and Hager's employment with Defendant. Defendant contends King and Hager owe repayment of these bonuses to Defendant pursuant to the terms and conditions of King and Hager's employment contracts. King and Hager have asserted that they were constructively terminated without cause by Defendant and that they do not owe money to Defendant. The Court need not address the Counterclaims as part of the FLSA settlement approval process because Defendant's Counterclaims do not arise under the FLSA, and the Parties have resolved the Counterclaims separately from Plaintiff's FLSA and wage-related claims.

3. Based on the facts and arguments discussed and presented between the Parties, Plaintiffs and Defendant have agreed to resolve this case in its entirety on terms which they

mutually stipulate and agree are fair, reasonable, and adequate. A copy of the Parties' Settlement Agreement of FLSA and Wage Related Claims is attached as Exhibit "A" ("FLSA Settlement Agreement"). Separately from the FLSA Settlement Agreement, the Parties have agreed to resolve Defendant's and each Plaintiff's non-wage related claims by entering into Confidential Mutual Release Settlement Agreements ("CMRSA") which provide additional compensation to each Plaintiff. Because these CMRSAs are confidential, they are not filed as an exhibit to this Motion. However, should the Court wish to review the Parties' CMRSAs, the parties request that they be reviewed in-camera. *See Ayala v. Miami Cuban Link Jewelry, Inc.*, Case No. 22-cv-21738-COOKE/DAMIAN, 2022 U.S. Dist. LEXIS 179247, *11 (S.D. Fla. Sept. 30, 2022) (permitting mutual general releases where plaintiff was provided compensation in addition to compensation under the FLSA).

4. The FLSA Settlement Agreement provides for the following payments to Plaintiffs and their attorneys:

- $28,067.58 in unpaid wages and $28,067.58 in liquidated damages to Plaintiff BRADLEY KING;

- $27,801.64 in unpaid wages and $27,801.64 in liquidated damages to Plaintiff DAVID HAGER;

- $19,501.44 in unpaid wages and $19,501.44 in liquidated damages to Plaintiff SHARON PEACOCK; and

- $75,370.66 in attorney's fees and costs to Plaintiffs' Attorneys: Marc A. Silverman, Esq. of Frank, Weinberg & Black, P.L., Robert D. Soloff, Esq. of Robert D. Soloff, P.A., and Justin L. Swidler, Esq. of Swartz Swidler, LLC.

5. In exchange for all payments made under the terms of the FLSA Settlement Agreement, Plaintiffs agree to release Defendant from their claims under the FLSA and all wage

3

related statutes and causes of action.

6. The amount of attorneys' fees and costs represents a reasonable amount of attorneys' fees and costs. The Parties exchanged all relevant documents pursuant to the Court's Orders, including Defendants' payroll records, policies and other relevant time and attendance records. Counsel for Plaintiffs and Defendant diligently prepared for the Court's July 22, 2024 settlement conference and engaged in negotiations over several weeks. The Parties were ultimately able to resolve their respective claims without the need for an in-person settlement conference with the Court. Counsel for Plaintiffs and Defendant have held multiple teleconferences to discuss the claims, review the evidence, and exchange information about the asserted claims. Both parties have been represented by counsel experienced in handling FLSA and other wage related claims. The negotiations for attorneys' fees were handled at arm's length. Because the parties negotiated the amount of attorneys' fees separately from and without regard to the settlement amounts to be paid as part of the FLSA Settlement Agreement, this Court need not "separately consider" the reasonableness of the fees to be paid to Plaintiffs' counsel. *Johnson v. Gonzo Mktg. Servs., LLC,* CASE NO. 21-60775-CIV-SNOW, 2021 U.S. Dist. LEXIS 202346, *7-8 (S.D. Fla. Oct. 20, 2021).

7. All Parties are/were represented by counsel in this action and understand the claims that they are settling. As described more fully below, the Parties and their respective counsel agree that the terms and conditions of the FLSA Settlement Agreement are fair and reasonable, particularly given the bona fide disputes as to Plaintiffs' claims and the inherent risks posed by continued litigation. The FLSA Settlement Agreement will result in Plaintiffs receiving payments within ten (10) days of this Court's approval of the same, as opposed to waiting for a possible

4

payment at an unknown future date if the Parties pursued litigation and the risks inherent with litigation that Plaintiffs may not prevail or recover any compensation, and further allows the Parties to put this case and all issues related to Plaintiffs' employment behind them so they can eliminate the distractions of litigation and focus on other matters.

8. As such, the Parties respectfully request that this Court: (a) review and approve the FLSA Settlement Agreement because it is a fair and reasonable resolution of a bona fide dispute with respect to Plaintiffs' claims, and (b) dismiss this action, including counterclaims, with prejudice. The Parties further request that the Court reserve jurisdiction to enforce the terms of the settlement for thirty (30) days after this Court's order granting the Parties' Joint Motion.

## MEMORANDUM OF LAW

### A. Standard of Review.

There are two ways in which claims under the FLSA can be settled and released by employees. First, Section 216(c) of the FLSA allows employees to settle and waive their claims under the FLSA if the payment of unpaid wages by the employer to the employee is supervised by the Secretary of Labor. *See* 29 U.S.C. 216(c) of the FLSA; *Lynn's Food Stores, Inc. v. U.S.,* 679 F.2d 1350, 1353 (11th Cir. 1982). Second, in the context of a private lawsuit brought by an employee against an employer under section 216(b) of the FLSA, an employee may settle and release FLSA claims against an employer if the parties present the District Court with a proposed settlement and the District Court enters a stipulated judgment approving the fairness of the settlement. *Id.*; *see also Sculte, Inc. v. Gandi,* 328 U.S. 108 (1946). In detailing the circumstances justifying court approval of an FLSA settlement in a litigation context, the Eleventh Circuit has stated as follows:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Lynn's Food Stores,* 679 F.2d at 1354.

Before approving an FLSA settlement, the court must scrutinize it to determine if it is "a fair and reasonable resolution of a bona fide dispute." *Id.* at 1355. If the settlement reflects a reasonable compromise over issues that are in dispute, the Court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Id.* at 1354. In determining whether the settlement is fair and reasonable, the Court should consider the following factors:

(1) the existence of fraud or collusion behind the settlement:
(2) the complexity, expense, and likely duration of the litigation;
(3) the stage of the proceedings and the amount of discovery completed;
(4) the probability of plaintiff's success on the merits:
(5) the range of possible recovery; and
(6) the opinions of counsel.

*Leverso v. South Trust Bank of Ala., Nat. Assoc.*, 18 F.3d 1527, 1531 n.6 (11th Cir. 1994). In considering these factors, there is a strong presumption in favor of finding a settlement fair. *Windheim v. JG Rest. Ventures, LLC*, Case No. 22-cv-61673-DAMIAN, 2022 U.S. Dist. LEXIS 188183, *7 (S.D. Fla. Oct. 14, 2022) (internal citations omitted).

    **B.**    **There Is a Bona Fide Dispute as to Plaintiffs' FLSA Claims and the Relevant Criteria Support Final Approval of the Settlement.**

In *Ambiela v. Roko Invs. 2 LLC*, the Court first analyzed "internal factors" to determine if

a compromise of an overtime claim was fair to the employee, thereby requiring the parties seeking approval of the compromise to describe the nature of the dispute including the employer's reasons for disputing the employee's right to compensation and the employee's reasons for believing the disputed wages were due. Case No. 22-cv-61736-SINGHAL/DAMIAN, 2023 U.S. Dist. LEXIS 11109, *6 (S.D. Fla. Jan. 20, 2023).

In this case, Plaintiffs asserted in their Statement of Claim [DE-9] that they worked between 25 and 45 hours of unpaid off the clock overtime in each week during the applicable limitations period. Plaintiffs initially asserted they were collectively owed $419,494.46 in unpaid overtime wages. Plaintiffs reached this number by calculating what they would be owed if they worked between 25 and 45 hours of unpaid overtime in each week in which each Plaintiff was employed by Defendant, without regard to weeks in which Plaintiffs took time off or did not report a forty-hour work week.

Since Plaintiffs' initial assessment, the Parties have exchanged time and pay records and made calculations regarding back pay. Defendants assert that Plaintiffs never worked off the clock. Moreover, Defendants engaged in extensive data analysis that included assessing each Plaintiff's individualized holiday and other paid time off, adding between 1 and 45 hours of time each week to Plaintiffs time records to evaluate potential overtime, and calculating outcomes based on varying percentages of weeks in which all or some portion of Plaintiffs' alleged unreported hours may have been worked.

After considering the above disputes, the Parties agreed to compromise their FLSA claims. Pursuant to the FLSA Settlement Agreement, Plaintiffs are being paid a fair amount in overtime compensation, in addition to the amounts being paid to their attorneys for fees. Under the

settlement, Plaintiffs will receive wages for alleged time spent over and above forty (40) hours in a week and an equivalent amount for liquidated damages. Specifically, Plaintiffs will receive a total of $ 150,741.32 for their wage claims: $75,370.66 for wages allegedly owed and $75,370.66 for liquidated damages. This settlement fully compensates Plaintiffs for the time they claim they worked over and above forty (40) hours in a work week. Additionally, the settlement agreement provides that Defendant will pay a total of $75,370.66 to Plaintiffs' counsel as attorneys' fees and costs which were negotiated and agreed upon separately from the amount Plaintiffs are receiving. The Parties agree that this is a reasonable resolution of Plaintiffs' claims.

In evaluating a compromise, the Court also considers an array of "external" or contextual factors pertinent to the statutory purpose of the FLSA. *Popova v. Invs. 41 LLC*, Case No. 22-cv-23260-DAMIAN, 2023 U.S. Dist. LEXIS 10282, *5 (S.D. Fla. Jan. 20, 2023). Here, the Parties agree that there is a bona fide dispute as to whether Plaintiffs were properly paid for all hours worked over forty (40) hours a week, how many overtime hours and how many weeks are at issue. This is particularly the case when Plaintiff alleges off the clock work which is difficult to prove and disprove.

Turning to the specific factors set forth in *Leverso*, courts have found no fraud or collusion where both parties were represented by counsel and the amount to be paid to the plaintiff seemed fair. *See Johnson*, 2021 U.S. Dist. LEXIS 202346 at *8. Here, each party was independently represented by counsel. Plaintiffs were represented by Marc A. Silverman, Esq. of Frank, Weinberg & Black, P.L., Robert D. Soloff, Esq. of Robert D. Soloff, P.A., and Justin L. Swidler, Esq. of Swartz Swidler, LLC. Defendants were represented by Stephanie L. Adler-Paindiris, Esq. and Mackenzie N. Allan, Esq. of Jackson Lewis, P.C. All counsel involved in this case have

Case 1:24-cv-21733-KMW   Document 23   Entered on FLSD Docket 08/16/2024   Page 9 of 15

extensive experience in litigating claims under the FLSA, including claims for unpaid overtime compensation. Each counsel was obligated to and did vigorously represent their clients' rights.

The complexity, expense, and length of future litigation also militate in favor of this settlement. The Parties continue to disagree over the merits of the claims asserted by Plaintiffs. As explained above, Plaintiffs contend Defendant failed to pay them for all hours worked over and above forty (40) hours in a work week. Defendant maintains that Plaintiffs never worked off the clock and, even if they did, the amount worked off the clock was far less than what was claimed in Plaintiffs' Statement of Claims. Moreover, the Parties agree that there are no records that show exactly when Plaintiffs worked over forty (40) hours per week, and the number of hours worked per week. If the Parties continued to litigate this matter, they would be forced to engage in additional and significant discovery, likely and significant motion practice, and ultimately a costly trial to resolve this matter, the merits of which are uncertain. This settlement, therefore, is a reasonable means for both Parties to minimize future risks and litigation costs.

As to the stage of the litigation, there has been sufficient investigation and exchange of information to allow counsel and the Court to act intelligently in resolving this matter. In agreeing upon the proposed settlement, the Parties had sufficient information and conducted an adequate investigation to allow them to make an educated and informed analysis and conclusion.

Plaintiffs' probability of success on the merits is uncertain, further suggesting that this settlement is fair and appropriate. As noted, Defendant maintains that Defendant properly paid all wages owed to Plaintiffs. The range of possible recovery by Plaintiffs also is open to dispute. Even if Plaintiffs succeed on the merits of their claim, which would require substantial additional time and exercise of resources by both Parties, the exact amount of recovery is uncertain. If

9

litigation continued, the number of hours worked weekly by Plaintiffs would have been contested by Defendant. The Parties considered their respective burdens. The Plaintiffs' burden of proof in an "off the clock" case is met by proof that they have in fact performed work for which they were not properly compensated, and by sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference. *See Anderson vs. Mount Clemons Pottery Co*., 328 U.S. 680 (1946) Id at. 687.  Per *Anderson*, once  a plaintiff has met this burden, then the burden shifts to the employer to come forward with evidence of the precise amount of work performed, or with evidence to negate the reasonableness of the inference to be drawn from the employee's evidence. *Id.* at 687.  The Parties considered these burdens in evaluating their respective probabilities of success and the difficulties associated with such an analysis by a fact finder.  In evaluating the probability of success, the Parties considered whether a reasonable fact finder would conclude that Plaintiffs actually worked both the "off-the-clock" hours that were less then forty *and* the alleged overtime hours claimed to have been worked "off-the-clock" in the same week. Defendant disputes that Plaintiffs would be able to prove that they worked such substantial amounts of time off the clock each week. In light of the uncertainty of the amounts, if any, Plaintiffs would recover if they were to continue litigating their claims, the Court should find that the settlement is fair and reasonable.

The Parties also considered their respective abilities to prove Defendant's actual or constructive knowledge of their alleged work performed "off-the-clock," as is required, as well as Defendant's ability to negate such a premise. *See, e.g. Allen v. Bd. of Pub. Educ.*, 495 F.3d 1306, 1318 (11th Cir. 2007); *Munroe v. PartsBase, Inc.*, NO. 08-80431-CIV-MARRA/JOHNSON, 2009 U.S. Dist. LEXIS 15801, *9 (S.D. Fla. Feb. 17, 2009). Plaintiffs further considered the substantial

amount of evidence that would be discoverable regarding their actual hours worked and possibly not worked. Also considered was the viability of certain defenses to Plaintiffs' claims such as Defendant's unclean hands defense and "good faith" defense, as well as Defendant's position that Plaintiffs would be unable to satisfy class or collective action requirements.  Finally, Plaintiffs considered their desire for resolution, finality of this proceeding, and the certainty that this settlement provides.  Throughout the litigation, Defendant maintains that Plaintiffs never worked any overtime and, even if they did, it was far less than they claim.  Even if Plaintiffs succeed on the merits of their claims, which would require substantial additional time and resources by the Parties, the exact amount of Plaintiffs' recovery is uncertain.

## CONCLUSION

The terms of the FLSA Settlement Agreement are fair, reasonable and adequate. Accordingly, the Parties respectfully request that the Court grant this Joint Motion for Approval of the Settlement and enter an Order dismissing Plaintiffs' claims, with prejudice.

WHEREFORE, Plaintiffs, BRADLEY KING, DAVID HAGER, and SHARON PEACOCK and Defendant, CITY NATIONAL BANK OF FLORIDA jointly request that the Court enter an Order: (i) GRANTING this Motion; (ii) APPROVING the settlement of Plaintiffs' claims under the Fair Labor Standards Act; (iii) DISMISSING Plaintiffs' FLSA claims with prejudice; and (iv) ORDERING such further relief as the Court deems appropriate.

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the foregoing has been served this 16th day of August, 2024, on all counsel of record and/or pro se parties identified in the attached Service List, and/or in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are

not authorized to receive Notices of Filing electronically.

| | |
|---|---|
| **JACKSON LEWIS P.C.**<br>390 North Orange Avenue, Suite 1285<br>Orlando, Florida 32801<br>Telephone:   (407) 246-8440<br>Facsimile:    (407) 246-8441<br><br>**By:**  */s/ Stephanie Adler-Paindiris*<br>Stephanie L. Adler-Paindiris<br>Florida Bar No. 523283<br>stephanie.adler-paindiris@jacksonlewis.com<br><br>Mackenzie N. Allan<br>Florida Bar No. 1031199<br>mackenzie.allan@jacksonlewis.com<br><br>*Attorneys for Defendant/*<br>*Counterclaim Plaintiff* | **FRANK, WEINBERG & BLACK, P.L.**<br>7805 S.W. 6th Court<br>Plantation, Florida 33324<br>(954) 474-8000<br>(954) 474-9850 facsimile<br><br>**By:**   */s/ Marc A. Silverman*<br>MARC A. SILVERMAN<br>msilverman@fwblaw.net<br>Florida Bar # 144444<br><br>**ROBERT D. SOLOFF, P.A.**<br>Robert D. Soloff, Esquire<br>7805 S.W. 6th Court<br>Plantation, Florida 33324<br>Telephone:  (954) 472-0002<br>Facsimile:   (954) 472-0052<br><br>**By:**      */s/ Robert D. Soloff*<br>ROBERT D. SOLOFF<br>Florida Bar No. 464732<br>robert@solofflaw.com<br><br>**SWARTZ SWIDLER, LLC**<br>Justin L. Swidler, Esquire<br>9 Tanner Street, Suite 101<br>Haddonfield, NJ 08033<br>Telephone: (856) 685-7420<br><br>**By:**      */s/ Justin L. Swidler*<br>JUSTIN L. SWIDLER<br>Admitted *Pro Hac Vice*<br>jswidler@swartz-legal.com<br><br>*Attorneys for Plaintiffs/*<br>*Counterclaim Defendants* |

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 24-21733-CV-WILLIAMS

**BRADLEY KING, DAVID HAGER, and
SHARON PEACOCK, and all others similarly
situated,**

    Plaintiffs,

vs.

**CITY NATIONAL BANK OF FLORIDA,**

    Defendant.

**and**

**CITY NATIONAL BANK OF FLORIDA,**

    Counterclaim Plaintiff,

vs.

**BRADLEY KING and DAVID HAGER.**

    Counterclaim Defendants.

_____/

## ORDER APPROVING SETTLEMENT AND DISMISSING ACTION WITH PREJUDICE

THIS CAUSE came before the Court upon Plaintiffs' and Defendant's joint motion to review and approve an FLSA settlement and dismiss this action with prejudice with respect to Plaintiff. The parties have sought the Court's approval of their settlement. See *Lynn's Food Stores, Inc. v. United States*, 679 F. 2d 1350, 1353 (11th Cir. 1982). The Court has reviewed the parties' settlement and is otherwise fully advised, and it is hereby:

**ORDERED** and **ADJUDGED** that the parties' settlement is **APPROVED** and the claims

13

of Plaintiff are **DISMISSED WITH PREJUDICE**. The Court retains jurisdiction to enforce the terms of the parties' settlement.

DONE AND ORDERED this _____ day of August, 2024.

_____
KATHLEEN M. WILLIAMS
United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 24-21733-CV-WILLIAMS

SERVICE LIST

**Stephanie L. Adler-Paindiris, Esq.**
**Mackenzie N. Allan, Esq.**
JACKSON LEWIS P.C.
390 North Orange Avenue, Suite 1285
Orlando, Florida 32801
Telephone: (407) 246-8440

stephanie.adler-paindiris@jacksonlewis.com
mackenzie.allan@jacksonlewis.com


**Marc A. Silverman, Esq.**
FRANK, WEINBERG & BLACK, P.L.
7805 S.W. 6th Court
Plantation, Florida 33324
(954) 474-8000
(954) 474-9850 facsimile
msilverman@fwblaw.net

**Robert D. Soloff, Esq.**
ROBERT D. SOLOFF, P.A.
7805 S.W. 6th Court
Plantation, Florida 33324
Telephone: (954) 472-0002
Facsimile: (954) 472-0052
robert@solofflaw.com
**Justin L. Swidler, Esq.**
SWARTZ SWIDLER, LLC
9 Tanner Street, Suite 101
Haddonfield, NJ 08033
Telephone: (856) 685-7420
E-mail: jswidler@swartz-legal.com